Submitted on record and briefs December 29, 2005, sentences vacated; remanded for resentencing; otherwise affirmed February 1, respondent's petition for reconsideration filed February 15 and appellant's response to petition for reconsideration filed February 22 allowed by opinion May 3, 2006 See 205 Or App 399, 134 P3d 1038 (2006) Petition for review denied May 23, 2006 (340 Or 673)

STATE OF OREGON,
*Respondent,*

*v.*

ANTONIO LAMAR THOMAS,
*Appellant.*

010634545; A118915

129 P3d 212

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Antonio Lamar Thomas filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim,* Judges.

PER CURIAM

\* Wollheim, J., *vice* Richardson, S. J.

**PER CURIAM**

Defendant was convicted of attempted murder with a firearm, first-degree assault with a firearm, and felon in possession of a firearm. He challenges his convictions and sentences. We reject defendant's challenges to his convictions without discussion.

With respect to his sentences, defendant argues that the trial court's imposition of dangerous offender sentences was erroneous under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because the sentences were based on facts that were not admitted by defendant or found by a jury. Although defendant did not advance such a challenge below, he argues that the imposition of the sentences should be reviewed as plain error. Under our decision in *State v. Warren*, 195 Or App 656, 98 P3d 1129 (2004), the sentences are plainly erroneous. For the reason set forth in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.