On respondent's petition for reconsideration filed February 15, and appellant's response to petition for reconsideration filed February 22, reconsideration allowed; former opinion (204 Or App 109, 129 P3d 212) modified and adhered to as modified May 3, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## ANTONIO LAMAR THOMAS,
*Appellant.*

010634545; A118915

134 P3d 1038

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, for petition.

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, for response.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

The state petitions for reconsideration of our decision in this case. 204 Or App 109, 129 P3d 212 (2006). In our initial opinion, we held that the imposition of dangerous offender sentences under ORS 161.725 without submitting the statutory requisites to a jury for determination was error apparent on the face of record in violation of defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution. We therefore remanded for resentencing. In its petition for reconsideration, the state urges that our reasoning in *State v. Warren*, 195 Or App 656, 98 P3d 1129 (2004), on which we relied to remand for resentencing in this case, has been implicitly overruled, at least in part, by the Oregon Supreme Court.[1] We grant reconsideration in light of *State v. Heilman*, 339 Or 661, 125 P3d 728 (2005), *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), and *State v. Perez*, 340 Or 310, 131 P3d 168 (2006), but adhere to our original disposition for the reasons that follow.

In *Warren*, the defendant was convicted of first-degree assault and attempted murder after a jury trial. He argued in his trial memorandum to the sentencing court that the imposition of a dangerous offender sentence was contrary to the protections conferred by the United Stats Constitution, as interpreted in *Apprendi*. We held that the 30-year dangerous offender sentence imposed in that case exceeded the prescribed statutory maximum sentence that the trial court was authorized to impose for the underlying convictions. It followed that the dangerous offender sentence based on findings made by the trial court rather than by a jury violated the

---

[1] The trial court found under ORS 161.725 that defendant suffers from a severe personality disorder with a propensity toward crimes that seriously endanger the life or safety of others. That finding of the statutorily required predicate to the imposition of a dangerous offender sentence authorized the court to then impose enhanced sentences. Being adjudicated a dangerous offender increased his determinate Measure 11 sentences of 90 months to indeterminate terms of 30 years. On appeal, defendant contends that he was entitled to have a jury determine the statutory predicate to the imposition of dangerous offender status under the holdings in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Citing our decisions in *Warren* and *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev'd*, 340 Or 310, 131 P3d 168 (2006), we agreed with defendant's argument in our initial opinion.

defendant's right under the Sixth and Fourteenth Amendments to a jury trial. 195 Or App at 668. We therefore remanded for resentencing. *Id.*

In *Heilman,* the defendant also challenged the enhancement of his prison sentence as a "dangerous offender" under ORS 161.725(1)(a). The defendant was convicted after waiving his right to a jury trial and asserting that he was guilty except for insanity. In its petition for reconsideration in this case, the state argues:

> "In *Heilman,* defendant * * * also raised an unpreserved claim that he was entitled to a jury determination of those same facts [facts giving rise to a dangerous offender sentence]. The defendant in *Heilman* had waived jury in what might be characterized as the guilt phase. The court in *Heilman* * * * rejected outright as unpreserved the claim that the dangerous offender sentence itself was unlawful for lack of jury findings. That is because defendant's counsel did not make any kind of discernible objection that he wanted a jury to determine facts relevant to sentence, and because 'defendant did not ask the court to impanel a jury before sentencing defendant.' "

(Citations omitted.) The state concludes that "the failure to preserve the jury trial claim in *Heilman* is comparable to defendant's failure to preserve the same claim here[,]" and therefore we should not consider the error in this case as error apparent on the face of the record.

After the state filed its petition for reconsideration in this case, the Supreme Court decided *Gornick* and *Perez.* In *Gornick,* the trial court imposed an upward departure sentence. The defendant made no objection to the sentence in the trial court on *Blakely* grounds. For the first time on appeal, the defendant argued that the trial court had erred in imposing a departure sentence because a jury had not found the facts supporting the departure sentence. This court held that the defendant's claim of error constituted error apparent on the face of the record under ORAP 5.45, vacated the departure sentence, and remanded for resentencing. *State v. Gornick,* 196 Or App 397, 102 P3d 734 (2004). The Supreme Court allowed the state's petition for review and reversed. 340 Or 160.

On review, the court first considered whether we erred in determining that the trial court had committed "plain error" under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). *Ailes* imposes three requirements in the first step of its prescribed analysis: (1) there must actually be an error of law that occurred; (2) the nature of the error must be obvious and not reasonably in dispute; and (3) the error must appear on the face of the record. The *Gornick* court observed that, under *Blakely*, no principle of law prevents a defendant from waiving his *Apprendi* rights. 340 Or at 167-68. It also acknowledged that the fact that the trial court, rather than a jury, found the facts that it relied on in imposing a departure sentence "may have been legal error." *Id.* at 167. Nonetheless, it also observed that a trial court does not commit legal error by failing to submit the sentence enhancement issue to a jury if a defendant has chosen not to exercise his right to a jury trial on that issue. *Id.* at 168.

The court then focused on the contents of the written plea petition signed by the defendant and his statement to the trial court at the time that he changed his plea, during which he told the court that he was giving up his right to a jury trial. Based on that record, the court reasoned:

> "Defendant's guilty plea clearly stated that he was giving up his jury trial rights, and he explicitly consented to having the trial court impose a 'sentence which the Court [found] appropriate * * *.' The record shows that defendant took no issue with the trial court's factfinding. Defendant sat by quietly and made no other objections while the trial court proceeded to find the aggravating facts and to impose a departure sentence based upon those facts. Given those circumstances, defendant could have chosen to have the trial court, rather than a jury, find the aggravating facts.

> "Thus, we are left with a single event, the trial court finding the aggravating facts, but multiple competing inferences that can be drawn from that event. One possible inference is that the trial court erred by finding the aggravating facts in violation of the Sixth Amendment. Another possible inference is that defendant chose, for one of many possible reasons, not to have a jury find the aggravating facts. If that were the case, the trial court did not err. A

third possible inference is that defendant did not want the trial court to find the facts but chose not to object for strategic purposes. In sum, the record does not clearly show that the trial court erred, only that it may have erred."

340 Or at 169-70. The court concluded that, "because we would be forced to choose between competing inferences respecting the trial court's finding of the aggravating facts, * * * the first requirement of the plain error analysis is not satisfied." *Id.* at 170.

In *Perez*, the defendant argued on appeal that his departure sentences under OAR 213-008-0001 were unconstitutional in light of the Court's holdings in *Apprendi* and *Blakely* because they exceeded the maximum sentences authorized by the guilty verdict and were based on facts not found by the jury. Initially, a jury in that case had found the defendant guilty on count three of the indictment, but was unable to reach a verdict on the other counts. The state agreed to dismiss the first count in exchange for the defendant's agreement to try the second count to the court on stipulated facts. Pursuant to that agreement, the defendant filed a petition to waive a jury trial on that count and proceeded to trial. The trial court ultimately found the defendant guilty and imposed departure sentences on both counts.[2] The defendant conceded on appeal that he had not preserved the argument in the trial court that his sentences were unconstitutional because the departure factors had not been determined by a jury. However, he urged us to exercise our discretion to review his contentions on appeal as error apparent on the record pursuant to ORAP 5.45.

We agreed with the defendant in *Perez* that his claim of error satisfied the criteria for error apparent on the face of the record. *State v. Perez*, 196 Or App 364, 373, 102 P3d 705 (2004), *rev'd*, 340 Or 310, 131 P3d 168 (2006). We held that "the [United States] Supreme Court plainly meant what it said" when it held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and be proved beyond a reasonable doubt,

---

[2] The departure sentence on count three was imposed concurrently with the departure sentence on count two.

and that it was beyond "reasonable dispute" that the exception to the *Apprendi/Blakely* rule (for the fact of a prior conviction) was inapplicable. *Id.* Consequently, we exercised our discretion to reach the defendant's claim of error, vacated his sentences, and remanded for resentencing. *Id.*

On review, the Oregon Supreme Court reversed our decision in *Perez*. It explained:

"As in *Gornick*, defendant here waived his right to a jury trial on two of the charges against him. He signed a jury waiver form stating that he 'understands that he/she has a right to a public trial by an impartial jury, and notwithstanding this right elects to waive trial by jury and consents to be tried by a Judge[.]' He signed another form entitled 'PETITION TO WAIVE JURY TRIAL AND TRY THE CASE TO THE COURT UPON STIPULATED FACTS.' * * *"

At sentencing, the trial court found several aggravating facts and imposed a departure sentence of 40 months of imprisonment on count two and a concurrent departure sentence of six months on count three. Defendant made no objection to the trial court's factfinding or its imposition of departure sentences based upon those facts. Those circumstances are very similar to the circumstances that were present in *Gornick*; as in *Gornick*, defendant could have chosen to have the trial court, rather than a jury, find the aggravating facts. Furthermore, that inference is merely one of several competing inferences that can be drawn from the trial court's finding of the aggravating facts. Therefore, the record did not clearly show that the trial court erred, and we conclude that the claimed error did not qualify as plain error under ORAP 5.45(1)."

340 Or at 317-18 (footnote omitted).

The question becomes whether, in light of the reasoning in *Heilman*, *Gornick*, and *Perez*, the imposition of dangerous offender sentences in this case is "plain error" under ORAP 5.45. There is, however, a key distinction in the facts in this case, as compared to the facts in those cases, that informs the issue. The defendant in *Gornick* petitioned the trial court to enter a plea of guilty and waived his right to trial by jury. The defendant in *Heilman* waived his right to a jury trial and asserted that he was guilty except for insanity,

consenting to a trial to the court on that issue. In *Perez*, the defendant waived a jury trial on one count and entered into a stipulated facts trial resulting in a conviction on which the court imposed a departure sentence. On the other count, the defendant was found guilty by a jury. In each of those cases, there existed in the record a waiver of a jury trial as to at least one pending charge. Here, in contrast to the facts in those cases, defendant, following a plea of not guilty, was tried and convicted by a jury on all counts. After he was convicted, the trial court imposed dangerous offender sentences on two convictions without submitting the enhancement factors under ORS 161.725 to a jury.

That difference in the facts is important because of the inferences that could arise regarding whether in fact legal error occurred. The jury waivers that were executed in *Heilman*, *Gornick*, and *Perez* were deemed by the Supreme Court to permit inferences that the defendants had voluntarily relinquished their rights to have a jury determine sentencing enhancement factors. However, in this case, there is no predicate fact of a jury waiver from which to infer that defendant chose not to have a jury trial on every issue in the case. Indeed, defendant, in his response to the state's petition for reconsideration, argues that he "did not waive his right to jury trial at any point during the proceedings[,]" and the record supports that assertion.

Because the record is silent as to any jury waiver in any respect in this case, we are unable to draw the inferences that the court drew in *Heilman*, *Gornick*, and *Perez*. *See State v. Ramirez*, 205 Or App 113, 124-25, 133 P3d 343 (2006). We also are unaware of any other fact in this record from which it can be inferred that defendant waived his right to a jury trial. While it is correct that defendant did not expressly request a jury trial for sentencing purposes, to draw the inference of a waiver solely from that failure runs counter to our understanding that a waiver of a jury trial must be made in a knowing manner and that mere silence will not suffice to demonstrate such a waiver. *See, e.g.*, *State v. Harris*, 339 Or 157, 173, 118 P3d 236 (2005) (holding that, to be valid, the waiver of a jury trial must be shown to be an intentional relinquishment or abandonment of a known right);[3] *see also*

---

[3] The records in *Gornick*, *Perez*, and this case do not disclose that the defendants were aware of their right to a jury trial on the issue of the enhancement of

ORS 136.001(1) (expressly providing for the right to a jury trial in criminal prosecutions); ORS 136.001(2) ("Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."). The failure to provide a jury trial to defendant for sentencing enhancement purposes is plain error under the Sixth Amendment as interpreted in *Apprendi* and *Blakely* unless defendant chose not to have a jury hear those issues. On this record, there are no competing inferences about whether error occurred, for the reasons explained above. Therefore, the first requirement for error apparent on the face of the record under *Ailes* is satisfied, and we adhere to our initial holding that the failure of the trial court to provide a jury trial for purposes of adjudicating defendant as a dangerous offender under these circumstances constitutes error apparent on the face of the record under ORAP 5.45.

Reconsideration allowed; former opinion modified and adhered to as modified.

---

their sentences. It could be argued that the common-law concept of waiver is therefore inapplicable because that doctrine requires that a waiver be made knowingly. *See, e.g., Bennett v. Farmers Ins. Co. of Oregon,* 332 Or 138, 26 P3d 785 (2001). *See also Taylor v. Illinois,* 484 US 400, 418 n 24, 108 S Ct 646, 98 L Ed 2d 798 (1988) (a jury cannot be waived under the federal constitution by a criminal defendant without his fully informed consent). Moreover, a common-law waiver will not be implied from mere silence; rather, to make out a case of waiver of a legal right, there must be a clear, unequivocal, and decisive act of the party showing such a purpose. *McMillan v. Montgomery et al.,* 121 Or 28, 32, 253 P 879 (1927). Indeed, the lack of a written waiver of trial by jury in a criminal prosecution is error apparent on the face of the record and warrants a new trial under *State v. Kendall,* 96 Or App 735, 773 P2d 1362, *rev den,* 308 Or 382 (1989).