Submitted on record and briefs March 17, sentences vacated; remanded for resentencing; otherwise affirmed May 10, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## JONTE TREMAIN DEAN,
aka Jayte Tremain McCray,
*Appellant.*

0302-30756; A123202

135 P3d 364

Patrick M. Ebbett, and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Pratt, Judge pro tempore.

PER CURIAM

Pratt, J. pro tempore, dissenting.

## PER CURIAM

After a trial to a jury, defendant was convicted of two counts of delivery of a Schedule II controlled substance, one count of possession of a Schedule II controlled substance, one count of felon in possession of a firearm, and one count of fleeing or attempting to elude a police officer. With respect to the convictions on two of the counts, the trial court imposed upward departure sentences based on its findings of persistent involvement in similar offenses, that the degree of harm was significantly greater than usual, that defendant was on probation at the time of the offense, and that supervision had failed to deter defendant's conduct.

On appeal, defendant argues that the trial court's imposition of departure sentences violated *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because the sentences were based on facts that were not admitted by defendant or found by a jury. Defendant did not advance that challenge below, but argues that the sentences should be reviewed as plain error. Under our decisions in *State v. Thomas*, 205 Or App 399, 134 P3d 1038 (2006), and *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), the sentences are plainly erroneous. For the reason set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.

**PRATT, J. pro tempore,** dissenting.

I respectfully dissent because it is my view that *State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), was wrongly decided in light of the Oregon Supreme Court decisions in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), and *State v. Perez*, 340 Or 310, 131 P3d 168 (2006).

This case involves a fact situation in which the defendant was convicted of several criminal charges after a jury trial and was sentenced on two of the counts to upward departure sentences based on aggravating facts unrelated to prior convictions that were found by the trial judge and not

admitted by the defendant. Unlike in *Gornick*, here there was no express waiver of the right to a jury trial and, as in *Ramirez*, the defendant did not object to the trial court's findings and imposition of a departure sentence and, therefore, did not preserve any error that may have occurred as a result. Defendant argues, as the defendants did in *Gornick*, *Perez*, and *Ramirez*, that the sentences were imposed in violation of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and that the sentences should be reviewed as plain error.

In *Gornick*, the defendant waived his right to a jury trial, pleaded guilty, and was sentenced to a departure sentence based on judicial factfinding. The issue was whether the sentence should be reviewed as plain error. In *Gornick*, the Supreme Court stated:

> "The record shows that defendant took no issue with the trial court's factfinding. Defendant sat by quietly and made no other objections while the trial court proceeded to find the aggravating facts and to impose a departure sentence based upon those facts. Given those circumstances, defendant could have chosen to have the trial court, rather than a jury, find the aggravating facts.
>
> "Thus, we are left with a single event, the trial court finding the aggravating facts, but multiple competing inferences that can be drawn from that event. One possible inference is that the trial court erred by finding the aggravating facts in violation of the Sixth Amendment. Another possible inference is that defendant chose, for one of many possible reasons, not to have a jury find the aggravating facts. If that were the case, the trial court did not err. A third possible inference is that defendant did not want the trial court to find the facts but chose not to object for strategic purposes. In sum, the record does not clearly show that the trial court erred, only that it may have erred. We would be speculating were we to state otherwise.
>
> "In conclusion, because we would be forced to choose between competing inferences respecting the trial court's finding of the aggravating facts, the claimed error is not one appearing 'on the face of the record' under ORAP 5.45(1)."

340 Or at 169-70.

In *Ramirez*, this court analyzed the possible inferences identified by the Supreme Court in *Gornick*. The court concluded that the source of the second inference "was not the defendant's silence alone but, rather, his silence in the context of an explicit waiver of a right to a jury trial as to guilt and his express consent to have the trial court impose a sentence up to the statutory maximum." *Ramirez*, 205 Or App at 122. In addressing the third possible inference, this court concluded that the Supreme Court in *Gornick* did not mean what it appeared to say, that is, that a defendant's failure to object to a departure sentence based on judicial factfinding, even without an explicit waiver of the right to a jury trial, gives rise to an inference that would prevent the appellate courts from reviewing the sentence as plain error. In *Ramirez*, this court stated:

> "As a result, we proceed with the assumption that the third inference in *Gornick* either is redundant of the first or is predicated on the facts of that particular case in ways that the court simply did not describe.
>
> "* * * We do not read *Gornick* broadly to hold that, in all cases in which a defendant failed to object to the trial court's departure findings, we cannot properly conclude that the trial court plainly erred in violation of *Blakely* and *Apprendi*."

205 Or App at 123.

The difficulty with the above conclusion in *Ramirez* is that it is contrary to the facts and holding of the Supreme Court in *Perez*. In *Perez*, the defendant pleaded not guilty and proceeded to jury trial on three counts. The jury was unable to reach a verdict on counts one and two but found the defendant guilty on count three. After the trial court declared a mistrial on counts one and two, the state agreed to dismiss count one, and the defendant waived his right to a jury trial as to count two and agreed to submit count two to the trial court on stipulated facts. The trial court then found the defendant guilty on count two. The trial court made judicial findings of aggravating facts and imposed departure sentences on *both* counts two and three. The Supreme Court stated in *Perez*:

"Defendant did not admit to any of the facts that the trial court relied upon in imposing the departure sentences, and, as noted, a jury did not find those facts beyond a reasonable doubt. On the other hand, and although he was represented by counsel at his sentencing, defendant did not object to the trial court's finding of the aggravating facts; neither did he request that a jury find the facts beyond a reasonable doubt."

*Perez*, 340 Or at 313. In *Perez*, the facts surrounding count two could give rise to all three inferences described in *Gornick* because there was a failure to object to the judicial factfinding and departure sentence combined with a general waiver of right to jury trial. In count three, there was no waiver of jury trial of any nature, and thus the facts could only give rise to the first and third inferences mentioned in *Gornick*. Yet the Supreme Court found that there was no basis for review of the sentence on either count due to plain error and affirmed the circuit court judgment. While the Supreme Court mentioned in its opinion that there was a waiver of jury trial with respect to one count, there is no indication that the existence of the waiver was a significant factor in its decision. Indeed, contrary to this court's conclusion in *Ramirez*, the Supreme Court indicated in footnote 7 that a documentary trail of waiver of jury trial was not necessarily required to defeat an assertion of error "apparent on the face of the record." *Id.* at 318. The Supreme Court in *Perez* concluded by stating:

"Defendant made no objection to the trial court's factfinding or its imposition of departure sentences based upon those facts. Those circumstances are very similar to the circumstances that were present in *Gornick*; as in *Gornick*, defendant could have chosen to have the trial court, rather than a jury, find the aggravating facts. Furthermore, that inference is merely one of several competing inferences that can be drawn from the trial court's finding of the aggravating facts. Therefore, the record did not clearly show that the trial court erred, and we conclude that the claimed error did not qualify as plain error under ORAP 5.45(1)."

*Id.* at 318.

The facts of this case, like the facts in *Ramirez*, are indistinguishable from the facts in *Perez*, particularly those relating to count three in *Perez*. Therefore, I would affirm the judgment of the circuit court.