Argued and submitted June 27, sentences vacated; remanded for resentencing; otherwise affirmed July 26, 2006

STATE OF OREGON,
*Respondent,*

*v.*

BRIAN SCOTT FENLON,
*Appellant.*

010936459; A122070

139 P3d 1008

Priscilla Maloney argued the cause and filed the brief for appellant.

Steven R. Powers, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Rasmussen, Judge pro tempore.

PER CURIAM

## PER CURIAM

After a jury trial, defendant was convicted of one count each of first-degree robbery with a firearm, first-degree burglary with a firearm, second-degree robbery, second-degree assault, and felon in possession of a firearm. On the first-degree robbery conviction, the trial court imposed an upward durational departure sentence based on its own finding that, among other things, defendant's "persistent misconduct" while on supervision. The trial court also found that defendant is a dangerous offender and imposed an indeterminate sentence of 30 years' imprisonment with lifetime post-prison supervision. On appeal, defendant argues that the sentences were erroneous in three respects.

■ Defendant first argues that the trial court erred in imposing the departure sentence based on its own findings, in violation of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Defendant acknowledges that he did not preserve that contention, but he asks us to review it as plain error. Under our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), the sentence is plainly erroneous. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

■ Defendant next argues that the trial court erred in imposing the dangerous offender sentence, because the court relied on its own findings, again in violation of *Blakely*. On that issue, our decision in *State v. Thomas*, 205 Or App 399, 134 P3d 1038 (2006), is controlling. For the reasons stated in *Thomas*, the trial court erred in imposing the dangerous offender sentence in this case.

Finally, defendant argues that the trial court erred in imposing a lifetime term of post-prison supervision. Defendant acknowledges that he did not preserve that contention, but again asks that we review it as plain error. The state agrees that the trial court erred in imposing a lifetime term of post-prison supervision. It nevertheless suggests that we should not exercise our discretion to correct the error, because defendant could have cured the error by a timely motion to correct the judgment under ORS 138.083. At oral

argument, defendant pointed out that, in fact, he did unsuccessfully seek relief in the trial court under ORS 138.083. The state did not contest that representation. In any event, given that we have already determined that the sentences must be vacated, the point is academic.

Sentences vacated; remanded for resentencing; otherwise affirmed.