Submitted on remand from the Oregon Supreme Court October 28, 2008,
remanded for resentencing; otherwise affirmed January 7, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANTONIO LAMAR THOMAS,
*Defendant-Appellant.*

Multnomah County Circuit Court
010634545; A118915

200 P3d 611

Louis R. Miles, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Thomas*, 204 Or App 109, 129 P3d 212 (2006), *adh'd to as modified on recons*, 205 Or App 399, 134 P3d 1038 (2006) (*Thomas I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Thomas*, 345 Or 316, 195 P3d 64 (2008). In *Thomas I*, we vacated defendant's sentences and remanded for resentencing, because the trial court had imposed dangerous offender sentence enhancements on the basis of its own factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that we properly exercised our discretion in *Thomas I*, and, accordingly, we again remand for resentencing.

Defendant was convicted of attempted murder with a firearm, felon in possession of a firearm, and assault in the first degree with a firearm after he shot a man multiple times in the head and chest. On both the attempted murder and assault convictions, the trial court imposed 30-year indeterminate maximum dangerous offender sentences under ORS 161.725(1)(a). In support of those sentences, the court found that "defendant suffers from a severe personality disorder with a propensity toward crimes that seriously endanger the life or safety of another," thus warranting an extended period of incarceration. The trial court also imposed consecutive 90-month "required incarceration terms" on both of those convictions. On the felon-in-possession conviction, the court imposed a presumptive sentence of 60 months' imprisonment, to be served consecutively to the 90-month prison terms that it imposed on the other convictions.

For the reasons set out in *State v. Shelters*, 225 Or App 76, 200 P3d 598 (2009), we conclude that the trial court erred in sentencing defendant as a dangerous offender in the absence of a jury finding to that effect, and we exercise our discretion to correct that error.

Remanded for resentencing; otherwise affirmed.