Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed April 15, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JONTE TREMAIN DEAN,
aka Jayte Tremain McCray,
*Defendant-Appellant.*

Multnomah County Circuit Court
030230756; A123202

206 P3d 281

Erin Galli and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Dean*, 205 Or App 661, 135 P3d 364 (2006) (*Dean I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Dean*, 345 Or 315, 195 P3d 62 (2008). In *Dean I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Dean I* was correct. Accordingly, we again remand for resentencing.

Defendant was convicted of two counts of delivery of a controlled substance, one count of possession of a controlled substance, one count of felon in possession of a firearm, and one count of attempting to elude a police officer. The trial court imposed a dispositional and durational departure sentence of 36 months' imprisonment on the felon in possession of a firearm conviction. The court gave the following reasons for its decision to impose the departure sentence: "1) Persistent involvement, 2) Degree of harm or loss significantly greater, 3) on probation at the time of incident and, 4) Supervision has failed to deter defendant."

In this case, the trial court did not explicitly state that it was relying on the departure factors it found either singly or in combination, and therefore we assume that the court did not consider each factor to be independently sufficient to support a departure. *State v. Wilson*, 111 Or App 147, 826 P2d 1010 (1992). Thus, remand for resentencing may be warranted if one of the factors relied on by the trial court is subject to legitimate debate. Because it is dispositive, we examine only the factor of defendant's persistent involvement in similar offenses with regard to the departure sentence imposed on his conviction for felon in possession of a firearm.

As we explained in *State v. Williams*, 225 Or App 325, 328-29, 202 P3d 899 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compel the inference that his or her criminal behavior has been "persistent." *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Here, defendant did not have a prior conviction for felon in possession of a firearm and, therefore, we cannot conclude that there is no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. Moreover, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the dispositional and durational departure sentence on defendant's conviction for felon in possession of a firearm increased his incarceration term by 36 months. Accordingly, we exercise our discretion to correct the assigned error.

Remanded for resentencing; otherwise affirmed.