Argued and submitted September 9, 2005, decision of Court of Appeals reversed;
judgment of circuit court affirmed March 9, 2006

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## THOMAS J. GORNICK,
*Respondent on Review.*

## (CC 02C53376; CA A121042; SC S52252)

130 P3d 780

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jamesa J. Drake, Deputy Public Defender, Salem, argued the cause for respondent on review. On the briefs were Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Monica L. Finch, Deputy Public Defender, Office of Public Defense Services, Salem.

Before Carson,** Chief Justice, and Gillette, Durham, Riggs, De Muniz,*** Balmer, and Kistler, Justices.

CARSON, J.

---

** Chief Justice at the time of argument.

*** Chief Justice at the time the decision was issued.

## CARSON, J.

The issue in this criminal case is whether the Court of Appeals improperly considered, as plain error, an unpreserved claim of sentencing error under the Sixth Amendment to the United States Constitution and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). Defendant was charged with assault in the third degree and pleaded guilty to that charge. During sentencing, which occurred after the United States Supreme Court had issued its decision in *Apprendi*, the trial court found certain aggravating facts and, based upon those facts, imposed an upward departure sentence. Defendant failed to object to the upward departure or assert that, in accordance with *Apprendi*, he was entitled to have a jury find the aggravating departure facts beyond a reasonable doubt. On appeal, defendant, for the first time, argued that the trial court had erred in imposing the departure sentence because a jury had not found the departure facts beyond a reasonable doubt. *See Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004) (clarifying Sixth Amendment principles). Defendant acknowledged that he had made no objection at sentencing but asserted that the Court of Appeals should consider his unpreserved claim because the trial court had committed plain error in imposing the departure sentence. The Court of Appeals concluded that defendant's claim constituted plain error, exercised its discretion to address the claim, and vacated defendant's sentence. *State v. Gornick*, 196 Or App 397, 102 P3d 734 (2004). We allowed the state's petition for review and now reverse the decision of the Court of Appeals.

The following facts are undisputed. In 2002, defendant was indicted for assault in the third degree, ORS 163.165(1)(f) and (i). After consulting with his lawyer, defendant executed a written plea agreement and pleaded guilty to the assault charge.

Under the Oregon Felony Sentencing Guidelines (sentencing guidelines), defendant's presumptive sentence was 13 to 14 months. At sentencing, the trial court reviewed the presentence investigation report and found three

aggravating facts. Based upon those findings, the trial court imposed a departure sentence of 26 months.[1]

Defendant did not admit to any of the facts that the trial court relied upon in imposing the departure sentence and, as noted, no jury found those facts beyond a reasonable doubt. Although he was represented by counsel at sentencing, defendant did not object to the trial court's finding of the aggravating facts; neither did he request that a jury find the facts beyond a reasonable doubt.

On appeal, defendant argued that the trial court had exceeded its authority by imposing a departure sentence based upon facts that he had not admitted or that a jury had not found beyond a reasonable doubt. To support that argument, defendant cited the United States Supreme Court's decision in *Blakely*, 542 US 296, which that Court had decided after defendant had been sentenced, but while his appeal to the Court of Appeals was still pending. Defendant asserted that the Court of Appeals should consider his Sixth Amendment claim, even though he had failed to preserve it by objecting at sentencing, because the trial court's failure to recognize and apply the *Blakely* rule constituted plain error.

To place defendant's plain error claim in context, we first review the state of the law as it existed when defendant was sentenced and as it exists today. At the time of defendant's sentencing in March 2003, *Apprendi* was the primary United States Supreme Court case applicable to departure sentences. In *Apprendi*, which was decided in June 2000, the Supreme Court held that under the Sixth Amendment, any fact, "[o]ther than the fact of a prior conviction, * * * that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 US at 490.

In January 2002, in *State v. Dilts*, 179 Or App 238, 39 P3d 276 (2002) (*Dilts I*), the Court of Appeals analyzed *Apprendi* and applied it to the sentencing guidelines. *Dilts I* held that the "prescribed statutory maximum" sentence that

---

[1] *See* OAR 213-008-0001 (providing that "the sentencing judge shall impose the presumptive sentence provided by the guidelines unless the judge finds substantial and compelling reasons to impose a departure").

constitutionally could be applied under *Apprendi* was the statutory maximum sentence for the particular class of offense, not the maximum presumptive sentence set by the sentencing guidelines. *Id.* at 251-52. Thus, according to *Dilts I*, a trial court did not violate the constitutional principles announced in *Apprendi* by imposing a departure sentence based upon facts not admitted by the defendant or proved to a jury, so long as that sentence did not exceed the maximum sentence set by statute for the particular class of offense. *Id.* at 251-52. Essentially, according to the reasoning set out in *Dilts I*, any sentence imposed in accordance with the sentencing guidelines satisfied the Sixth Amendment, in as much as no such sentence—even one involving a departure—could result in a sentence in excess of the statutory maximum.

At the time of defendant's sentencing in March 2003, *Dilts I* was still controlling authority.[2] As noted, defendant had been charged with assault in the third degree, a Class C felony. ORS 163.165(2). The statutory maximum sentence for a Class C felony was five years, or 60 months. ORS 161.605. Defendant was sentenced to 26 months' incarceration. Therefore, his sentence was within the statutory maximum for Class C felonies, and the trial court imposed a proper sentence under *Dilts I*.

In June 2004, after the trial court sentenced defendant, the Supreme Court decided *Blakely*. Among other holdings, *Blakely* expressly rejected reasoning similar to that set out in *Dilts I*. In *Blakely*, the Court clarified the meaning of the phrase "prescribed statutory maximum" from *Apprendi*:

"[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings."

_____

[2] This court later affirmed the Court of Appeals decision in *State v. Dilts*, 336 Or 158, 82 P3d 593 (2003) (*Dilts II*). However, the United States Supreme Court vacated and remanded this court's decision in *Dilts II*, *Dilts v. Oregon*, 542 US 934, 124 S Ct 2906, 159 L Ed 2d 809 (2004), for further consideration in light of its holding in *Blakely*.

542 US at 303-04 (internal citations omitted; emphasis in original). Thus, in accordance with *Blakely*, the presumptive sentence under the sentencing guidelines is the "statutory maximum" that constitutionally may be imposed, absent the defendant's admission of aggravating facts or a jury finding of such facts beyond a reasonable doubt.[3]

With that background in mind, the Court of Appeals considered defendant's argument that the trial court had committed plain error in this case. After explaining the framework for analyzing a claim of plain error, the Court of Appeals analyzed defendant's contention that his sentence was "invalid because the aggravating facts were determined by the court rather than by a jury." *Gornick*, 196 Or App at 406. The Court of Appeals concluded that, under *Blakely*, the trial court had committed an error of law by finding the aggravating facts that had increased defendant's sentence beyond the statutory maximum prescribed by the Sixth Amendment. *Id.* at 409. The Court of Appeals further held that the error was "apparent on the face of the record" because the record could support only one possible reason for defendant's lack of objection at sentencing, that is, that he did not know that *Apprendi* soon would require a jury to find the aggravating facts that supported a sentence in excess of 13 to 14 months. *Id.* at 406-09. Finally, the Court of Appeals chose to exercise its discretion to correct the sentencing error, and it therefore vacated defendant's sentence. *Id.* at 410. As noted, the state petitioned for review, and we allowed the petition.

ORAP 5.45(1) provides, in part:

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief * * *, provided that the appellate court may consider an error of law apparent on the face of the record."

---

[3] The one exception to the rule set out in *Blakely* is that the trial court may take notice of prior convictions and increase a sentence based upon that finding. *Blakely v. Washington*, 542 US 296, 301, 124 S Ct 2531, 159 L Ed 2d 403 (2004). Such notice is taken under the sentencing guidelines, as prior convictions make up part of one axis on the sentencing guidelines grid. *See State v. Davis*, 315 Or 484, 487, 847 P2d 834 (1993) (explaining operation of sentencing guidelines grid).

As mentioned previously, defendant's claim of error indisputably was not preserved and can be considered only if it qualifies as "an error of law apparent on the face of the record." That exception to the preservation requirement also is known as "plain error." *See State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001) (so stating).

■ ■ Determining whether a trial court committed plain error involves a two-step analysis. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). The first step incorporates the following three requirements: "(1) [the claimed error] is an error of law, (2) the [claimed] error is obvious, not reasonably in dispute, and (3) it appears on the face of the record, *i.e.*, the reviewing court * * * need [not] go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable." *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000) (citing *Ailes*, 312 Or at 381-82) (internal quotation marks omitted). If all the requirements of the first step are satisfied, then the court proceeds to the second step, where it must decide whether to "exercise its discretion to consider or not to consider the error[.]"[4] *Ailes*, 312 Or at 382. However, as this court has warned in the past, "[a] court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error." *Id.* at 382. "It is only in rare and exceptional cases that this court will notice an alleged error where no ruling has been sought from the trial judge." *Hotelling v. Walther*, 174 Or 381, 385-86, 148 P2d 933 (1944) (citing *Kuhnhausen v. Stadelman*, 174 Or 290, 148 P2d 239 (1944)).

---

[4] This court previously has articulated a nonexclusive list of factors that a court may consider in choosing to exercise its discretion. Those factors are:

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

■     This court employs two different standards of review to ascertain whether the Court of Appeals properly concluded that a trial court committed plain error. *See Ailes*, 312 Or at 381-82 (generally framing analysis in that manner). First, this court considers whether the Court of Appeals committed an error of law in determining that the three elements under the first step of the plain error analysis had been satisfied. *See id.* at 382 (implying that this court will decide anew whether elements of plain error have been satisfied). Next, this court inquires whether the Court of Appeals abused its discretion in deciding to consider the error under the second step in the plain error analysis. *See id.* (stating this court normally "will not second-guess" Court of Appeals' express exercise of discretion).

■     We turn, then, to whether the Court of Appeals committed an error of law in applying the first step of the plain error framework. As we described previously, for the claimed error to constitute plain error (1) it must be "an error of law"; (2) it must be "obvious"; and (3) "it [must] appear[ ] on the face of the record." *Reyes-Camarena*, 330 Or at 435. Here, defendant claims that the trial court committed legal error by finding the facts that it relied upon in imposing a departure sentence. Under *Blakely*, such an event may have been legal error. *See Blakely*, 542 US at 303-04 (holding that "judge exceeds his proper authority" by inflicting additional punishment based upon facts that jury did not find beyond a reasonable doubt and that defendant did not admit). However, in responding to the suggestion that prohibiting judicial factfinding worked to the detriment of defendants, the Supreme Court, in *Blakely*, stated:

> "[N]othing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial factfinding as to sentence enhancements, which may well be in his interest if relevant evidence would prejudice him at trial. We do

not understand how *Apprendi* can possibly work to the detriment of those who are free, if they think its costs outweigh its benefits, to render it inapplicable."

*Id.* at 310 (internal citations omitted). Thus, a trial court does not commit legal error by finding aggravating facts if the defendant chooses not to exercise his rights under *Blakely*. *See id.* at 310 (so implying). It follows that the mere fact that a judge, rather than a jury, decides the facts relevant to sentencing does not demonstrate that any error occurred. Both courses of proceeding are constitutionally permissible.

In this case, defendant chose to plead guilty and signed a form entitled "petition to enter 'guilty' or 'no contest' plea[.]" That form contained the following provisions:

"My lawyer has explained to me, and I understand, that I have the following rights:

"\* \* \* \* \*

"3) I have a *right* to a public trial by jury without delay, in which the jury, not the Judge, will decide whether or not the evidence proves beyond a reasonable doubt that I am guilty of this crime.

"\* \* \* \* \*

"My lawyer has explained to me, and I understand, that by voluntarily pleading 'guilty' or 'no contest' to this crime, I will be giving up each of these rights, and I will immediately be convicted of this crime without a trial.

"\* \* \* \* \*

"My lawyer has explained to me, and I understand, that \* \* \* the Court can impose a \* \* \* sentence which the court finds is appropriate, up to the maximum sentence previously stated [five years of imprisonment][.]"

(Emphasis in original.) During defendant's plea colloquy before the trial court, the following exchange took place:

THE COURT: "On the charge of Assault in the Third Degree, as we discussed, you have the right to that trial that we talked about, to call witnesses. If you enter a plea today, you're giving up that right to a trial. All that will be

left is for me to impose a sentence. We're going to get a [presentence investigation report]. It'll tell me about your background and history and then we'll make a decision. Do you understand that?"

DEFENDANT: "That's what I'd rather do."

At defendant's sentencing, the trial court found three aggravating facts and stated that it was imposing a departure sentence of 26 months based upon those facts. The record does not disclose whether the trial court found the facts beyond a reasonable doubt or by a preponderance of evidence. After the trial court made those findings, defendant's lawyer and the trial court engaged in the following exchange:

DEFENDANT'S LAWYER: "Your Honor, are you using the aggravating factors that are in the [presentence investigation report]?"

THE COURT: "I'm using the aggravating factors that I just stated on the record."

DEFENDANT'S LAWYER: "For the record, we'd indicate that we don't think that those are sufficient."

THE COURT: "I'll note your objection."

Defendant's guilty plea clearly stated that he was giving up his jury trial rights, and he explicitly consented to having the trial court impose a "sentence which the Court [found] appropriate, up to the [five year] maximum sentence." Defendant's only objection challenged the sufficiency of the facts upon which the departure was based, essentially implying that they were not "substantial and compelling reasons" as required by OAR 213-008-0001. The record shows that defendant took no issue with the trial court's factfinding. Defendant sat by quietly and made no other objections while the trial court proceeded to find the aggravating facts and to impose a departure sentence based upon those facts. Given those circumstances, defendant could have chosen to have the trial court, rather than a jury, find the aggravating facts.

Thus, we are left with a single event, the trial court finding the aggravating facts, but multiple competing inferences that can be drawn from that event. One possible inference is that the trial court erred by finding the aggravating facts in violation of the Sixth Amendment. Another possible

inference is that defendant chose, for one of many possible reasons, not to have a jury find the aggravating facts. If that were the case, the trial court did not err. A third possible inference is that defendant did not want the trial court to find the facts but chose not to object for strategic purposes. In sum, the record does not clearly show that the trial court erred, only that it may have erred. We would be speculating were we to state otherwise.

In conclusion, because we would be forced to choose between competing inferences respecting the trial court's finding of the aggravating facts, the claimed error is not one appearing "on the face of the record" under ORAP 5.45(1). Hence, the first requirement of the plain error analysis is not satisfied. Therefore, the claimed error, if indeed it were error, did not qualify as plain error, and the Court of Appeals should not have considered defendant's unpreserved claim.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.