Submitted on record and briefs April 6, sentence vacated; remanded for resentencing; otherwise affirmed May 10, 2006

STATE OF OREGON,
*Respondent,*

*v.*

GARY DEAN SCHNETZKY,
*Appellant.*

20-04-03291; A125331

135 P3d 359

Hari Nam S. Khalsa filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted after a jury trial of second-degree escape. ORS 162.155. On appeal, he argues that the trial court erred in failing to instruct the jury on a choice-of-evils defense and in imposing a departure sentence based on a finding that defendant had been persistently involved in similar offenses. We reject without discussion defendant's arguments concerning the choice-of-evils defense. On the sentencing issue, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing that sentence based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution.

Although defendant did not preserve the issue, he argues that the sentence should be reviewed as plain error. In two recent cases, the Oregon Supreme Court found no plain error because it concluded that it could be inferred from the record that the defendants, who did not object to the court's findings during sentencing, "chose[ ] to have the trial court, rather than a jury, find the aggravating facts." *State v. Perez*, 340 Or 310, 318, 131 P3d 168 (2006); *see also State v. Gornick*, 340 Or 160, 130 P3d 780 (2006). In those cases, however, the defendants had waived their rights to jury trials. Here, defendant did not waive his right to a jury trial. Thus, it is not possible to infer from this record that defendant waived the right to have a jury determine aggravating factors at sentencing. *See State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006).

Sentence vacated; remanded for resentencing; otherwise affirmed.