Submitted on record and briefs November 30, sentences vacated;
remanded for resentencing; otherwise affirmed December 27, 2006

STATE OF OREGON,
*Respondent,*

*v.*

GREGORY CHARLES PERKINS,
*Appellant.*

040378CR; A126617

149 P3d 1287

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Eric Johansen, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted on multiple charges after a trial to a jury. The trial court imposed departure sentences on two convictions for felon in possession of a firearm. ORS 166.270. The court imposed the departure sentences based on its own findings that defendant had been persistently involved in similar offenses. Defendant did not object to the fact that the trial court had based the imposition of departure sentences on its own findings. Defendant now argues that the trial court erred in so doing under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004).

The state argues that defendant failed to preserve the claim and that, under *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), "unpreserved claims of *Blakely* error are not plain error, because the appellate courts cannot know whether the defendant deliberately chose not to assert his right to jury findings." The state acknowledges that our decision in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), is to the contrary and that, under that decision, if the defendant did not waive the right to a jury trial, *Gornick* does not apply. The state argues that *Ramirez* was incorrectly decided. We decline to reconsider our decision in *Ramirez*. Under that decision, the trial court's imposition of departure sentences based on its own findings of fact is reversible as plain error apparent on the face of the record.

Sentences vacated; remanded for resentencing; otherwise affirmed.