Submitted on record and briefs May 30, affirmed August 1, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT LEE DOLLARHIDE, JR.,
*Defendant-Appellant.*

Lincoln County Circuit Court
040697; A129537

164 P3d 1222

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, challenging the lawfulness of the sentence. Defendant argues that ORS 809.235(1)(b) (2003), *amended by* Or Laws 2005, ch 436, § 1, which requires a court to permanently revoke a defendant's driving privileges if a person has been convicted of DUII "for a third time," does not apply in this case, because defendant already has three prior convictions and the current conviction is his fourth. According to defendant, the statute applies only to a third conviction and not to subsequent convictions. Defendant concedes that he did not advance that argument in the trial court, but he asks that we review it as plain error. The state responds that defendant failed to preserve the assignment of error and that it should not be considered as plain error. The state also argues that, in any event, the statute does apply to third and subsequent DUII convictions. We agree with the state that defendant did not preserve his assignment and that it is not reviewable as plain error. We therefore affirm without addressing the merits of defendant's assignment.

■■ This court ordinarily does not consider assignments of error that are not preserved. ORAP 5.45(4). We may, however, review an unpreserved assignment if the error is one of law and is apparent on the face of the record. *State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001). As the Supreme Court explained in *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006), determining whether a trial court committed "plain error" involves a two-step analysis. In the first step, we determine whether the claimed error is one of law, is not reasonably in dispute, and appears on the face of the record. *Id.* If we cannot answer all of those questions in the affirmative, then the matter is not reviewable. *Id.* If we determine that all of those requirements have been satisfied, then we proceed to a second step, in which we must decide whether to exercise our discretion to review the error. *Id.*

■ We begin with the first step in the plain error analysis. Defendant's unpreserved contention is that ORS 809.235(1)(b) (2003) applies only to a third conviction and not

to any subsequent convictions and that the trial court erred in concluding otherwise. Thus, the claimed error is one of law—according to defendant, the trial court misconstrued the statute. *See Karjalainen v. Curtis Johnston & Pennywise, Inc.*, 208 Or App 674, 680, 146 P3d 336 (2006), *rev den*, 342 Or 473 (2007) (issues of statutory construction present questions of law). The claimed error also appears on the face of the record; we do not need to "go outside the record to identify the error or choose between competing inferences." *State v. Reyes-Camarena*, 330 Or 431, 435, 7 P3d 522 (2000).

We cannot agree, however, that the issue of law presented by the claimed error is not reasonably in dispute. Defendant's proposed reading of the statute certainly is plausible. It may even be correct. But, at this juncture, we cannot say that the matter is beyond reasonable dispute. The state contends that, given the phrasing of the statute, the reference to a DUII conviction "for a third time" arguably could signify that a person had *only* two prior DUII convictions or that a defendant had *at least* two prior DUII convictions. According to the state, the trial court's reading is at least not plainly erroneous, particularly in light of the anomalous consequence of the contrary reading—namely, that a person with a greater number of DUII convictions becomes subject to a lesser sanction than a person with fewer DUII convictions. This is not the occasion to evaluate the merits of that argument. Suffice it to say that we conclude that the matter is one reasonably in dispute. Accordingly, there is no plain error.

Affirmed.