Submitted on record and briefs May 30, affirmed August 1, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALAN DOUGLAS WOOD,
*Defendant-Appellant.*

Linn County Circuit Court
04081695; A129909

164 P3d 1224

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Ryan T. O'Connor, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. On the reply brief were Peter Gartlan, Chief Defender, Legal Services Division, and Ryan T. O'Connor, Deputy Public Defender.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He argues that the trial court erred at sentencing when it permanently revoked defendant's driving privileges pursuant to ORS 809.235(1)(b) (2003), *amended by* Or Laws 205, ch 436, § 1, which requires permanent revocation of driving privileges when a defendant has been convicted of DUII "for a third time." Defendant contends that, because his current conviction is actually his fourth conviction, the statute does not apply. The state responds that defendant did not preserve the assignment, that it is not reviewable as plain error, and that, in any event, defendant's reading of the statute is incorrect.

At sentencing, defendant's counsel did object to the permanent revocation of defendant's driving privileges. What he said, however, was that "I want to preserve [defendant's] ability to appeal [the permanent revocation] as an excessive sanction." Defendant did not mention the issue of statutory construction that he now raises, much less assert the particular construction that he now advances before us. In determining whether an issue has been preserved, one of the most significant questions is whether the trial court was given a realistic opportunity to avoid the error that is asserted on appeal. *State ex rel Juv. Dept. v. Tyree*, 177 Or App 187, 190, 33 P3d 729 (2001). In this case, the trial court never was given that opportunity. The assignment was not preserved. Nor is it plain error. *State v. Dollarhide*, 214 Or App 329, 164 P3d 1222 (2007).

Affirmed.