Submitted on remand from the Oregon Supreme Court October 9, 2008, remanded for resentencing; otherwise affirmed February 25, 2009

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**GARY DEAN SCHNETZKY,**
*Defendant-Appellant.*

Lane County Circuit Court
200403291; A125331

203 P3d 255

Hari Nam S. Khalsa for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Schnetzky*, 205 Or App 673, 135 P3d 359 (2006) (*Schnetzky I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Schnetzky*, 344 Or 280, 180 P3d 702 (2008). In *Schnetzky I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Schnetzky I* was correct. Accordingly, we remand for resentencing.

Defendant was convicted of second-degree escape, and the trial court imposed a durational departure sentence of 48 months' imprisonment. The trial court gave the following reason for its decision to depart:

> "Your record is lengthy, it takes three full pages of 19 lines, only 17 on the forms. I guess that it's just one page that's copy. It runs the gamut of one, two, three, four, five, six separate drug crimes, maybe seven. One I can't read, plus thefts, prior escape, failure to appear, to me that's persistent involvement in criminal behavior.
>
> "* * * * *
>
> "Because of the extent and the nature of your record and your prior failures, I do find an upward departure to be justifiable here."

As we explained in *State v. Williams*, 225 Or App 325, 328-29, 201 P3d 267 (2009), under *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), there is no legitimate debate that a jury would have found a defendant to have been persistently involved in similar offenses where the number and frequency of the defendant's prior convictions compels the

inference that his or her criminal behavior has been "persistent."

On this record, we cannot say that there is no legitimate debate that the jury would have found defendant to have been persistently involved in similar offenses. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Defendant was sentenced in this case in 2004, and at that time he had one prior conviction for escape in 1987 and one conviction for failure to appear in 1999. Defendant's criminal history, although not trivial, is not so overwhelming in terms of both the number and frequency of prior convictions for similar offenses that there exists no legitimate debate that the jury would have drawn the inference of "persistency" required by *Bray*.

Moreover, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. The presumptive sentence for defendant's conviction for second-degree escape was 19 to 24 months' imprisonment; imposition of the departure sentence thus increased defendant's term of incarceration by 24 months.

Remanded for resentencing; otherwise affirmed.