Submitted February 25, 2014, affirmed September 10, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMADO FLORES-CELESTINO,
*Defendant-Appellant.*

Marion County Circuit Court
12C43958; A152528

359 P3d 503

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Nakamoto, Presiding Judge, and Tookey, Judge, and De Muniz, Senior Judge.

TOOKEY, J.

**TOOKEY, J.**

Defendant, who was convicted of kidnapping in the second degree, ORS 163.225, and sentenced to a term of probation, challenges an amended judgment revoking his probation and sentencing him to a term of imprisonment. Defendant concedes that he did not make the argument that he now makes on appeal when he appeared before the trial court, but he asks us to exercise our discretion to correct the trial court's plain error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (court may exercise its discretion to review an unpreserved error of law that is obvious and that appears on the face of the record). We conclude that, because the claimed error is not obvious in this case, it does not satisfy all three requirements of the first step of plain error review, and we may not review it. Accordingly, we affirm.

While defendant was on probation, police officers found him in possession of a knife and marijuana, and the state moved for an order to show cause why defendant's probation should not be revoked. On the morning of August 27, 2012, the court held a show cause hearing, found that defendant had violated conditions of his probation, and revoked defendant's probation. At a later point in the day, the court "had second thoughts" about its decision and wrote "VACATE" across the face of the judgment revoking defendant's probation.

On August 28, 2012, the prosecutor sent an email to the court and defense counsel, raising the issue of "the jurisdiction of the trial court in changing a sentence" and suggesting that the court did not have the statutory authority to vacate its judgment. The prosecutor attached to the email a brief, which had been prepared for a different case and which presented a lengthy analysis of ORS 138.083, which provides, in part, that a "sentencing court retains authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment."

On August 29, 2012, the court held a hearing on the matter, during which neither party advanced any argument

on the record regarding the trial court's authority to vacate its judgment. The court ruled:

> "In the case, I originally revoked probation and then had second thoughts about it, vacated or attempted to vacate my order which revoked probation and, [the prosecutor suggested] that maybe I didn't have the statutory authority to do that. And *** I've had a chance to take a further look at the statute [ORS 138.083] and although I think I ought to have the statutory authority to do that, as I read the statute, I don't.
>
> "And because of that, I'm going to reinstate my original decision which was made on the 27th, two days ago and revoke probation. I want to make it clear on the record that I'm doing this because I think the statute requires me to do it. I am not doing this as an exercise of discretion. And so it's *** clearly [a question] *** which the defendant's entitled to appeal if he feels I've made a mistake. And he should be aware that I'm not sure that I've made a mistake, so that this would be an appropriate matter to raise on appeal in my view. And the DA's office probably doesn't mind that one way or the other, but I just want to make it very clear that I'm doing this because I think I have to. That would be the order of the court."

In accordance with that conclusion, a judgment of revocation was entered on August 30, 2012, withdrawing the vacated judgment of revocation. That judgment was later amended to correct a clerical error, and an amended judgment of revocation was entered on September 7, 2012, again withdrawing the vacated judgment of revocation.[1]

Defendant argues for the first time on appeal that the issue in this case is governed by ORS 137.010(6), which provides that "[t]he power of the judge of any court to suspend execution of any part of a sentence or to sentence any person convicted of a crime to probation shall continue until the person is delivered to the custody of the Department of Corrections [DOC]." "A prison sentence is executed when the offender is placed in the custody of the Oregon Department

---

[1] Two judges were involved in this case. The judge who presided over the hearings and signed the initial judgments of revocation was Judge W. Michael Gillette. The judge who signed the amended judgment of revocation was Judge Aubrey J. Broyles.

of Corrections." *State v. Hoffmeister*, 164 Or App 192, 196 n 2, 990 P2d 910 (1999) (citing ORS 137.010(6)). Based on ORS 137.010(6), defendant contends that the court's authority to vacate its original judgment of revocation depended on whether the judgment had been "executed"—that is,

> "depended entirely upon whether defendant had been transported to the physical custody of the DOC before the court vacated its judgment. If he had, the original judgment was executed and was no longer subject to modification. If he had not, the judgment was not yet executed, and the court's order vacating the original judgment was valid."

Thus, according to defendant, "[t]he trial court erred in concluding that it lacked authority to vacate its judgment without determining whether the judgment had been executed"—that is, without determining, as a factual matter, whether defendant had been delivered to the custody of the DOC by the time that the court attempted to vacate its judgment.

Defendant concedes that he did not argue to the trial court "that the court was required to determine whether the court's original judgment had been executed before concluding that it lacked authority to vacate[,]" apparently acknowledging that he did not preserve that argument for appeal. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * * provided that the appellate court may consider an error of law apparent on the record."); *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve an argument for review, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). Nevertheless, defendant contends that the court committed plain error, and he asks us to exercise our discretion to correct it.

As the Oregon Supreme Court has explained:

> "Determining whether a trial court committed plain error involves a two-step analysis. The first step incorporates the following three requirements: (1) the claimed

error is an error of law, (2) the claimed error is obvious, not reasonably in dispute, and (3) it appears on the face of the record, i.e., the reviewing court * * * need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable. If all the requirements of the first step are satisfied, then the court proceeds to the second step, where it must decide whether to exercise its discretion to consider or not to consider the error."

*State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (internal quotation marks, citations, brackets, and footnote omitted). If all three requirements of the first step are not satisfied, the claimed error does not qualify for plain error review, and a court may not review it. *See id.* at 170 (determining that one of the plain error requirements was not satisfied and concluding that this court should not have considered the defendant's unpreserved claim).

Defendant asserts that the claimed error in this case qualifies for plain error review because it meets all three requirements of the first step of plain error review. As to the first requirement, defendant argues that "the error defendant identifies—the trial court's conclusion that [it] lacked authority to vacate its judgment without determining whether the judgment had been executed—is a question of law." As to the second requirement, defendant argues that "the legal points at issue are not reasonably in dispute." In defendant's view, "the trial court's implicit legal conclusion that the judgment had been executed was unsupportable" because there was no "evidence that defendant was delivered to the custody of the DOC before the trial court vacated its judgment." As to the third requirement, defendant argues that "the facts comprising the error—the lack of record regarding whether the judgment had been executed—are apparent from the face of the record." The state responds that the claimed error does not qualify for plain error review, in part, because it is not "obvious" that the trial court erred as defendant now claims.

Before considering whether the claimed error qualifies for plain error review, we pause to clarify the nature of the claimed error. As noted, defendant argues that "[t]he trial court erred in concluding that it lacked authority to

vacate its judgment without determining whether the judgment had been executed." By framing the claimed error in those terms, defendant is not arguing that the trial court erred when it determined that it lacked authority to vacate its judgment and then vacated its judgment. Indeed, defendant appears to acknowledge that the court may not have erred in that regard. As noted, defendant states that, if "defendant had been transported to the physical custody of the DOC before the court vacated its judgment[,] *** the original judgment was executed and was no longer subject to modification." Defendant's apparent acknowledgement of that point is well taken; because it is possible that the court's judgment was, in defendant's words, "no longer subject to modification" under the provisions of ORS 137.010(6), the court very well may have lacked authority to vacate its judgment. In that event, the court's conclusion was correct and the court did not err.

Rather than assigning error to the court's substantive decision that it lacked authority to vacate its judgment, defendant assigns error to the court's procedural failure to make factual findings to support that decision. Stated another way, defendant argues that the court erred in failing to make a factual finding, on the record, as to whether defendant had been delivered to the custody of DOC by the time that the court attempted to vacate its judgment.[2] It is not disputed that the court made no such finding.

Having clarified the nature of the claimed error, we now consider whether the claimed error qualifies for plain error review. As noted, the first requirement is that "the claimed error is an error of law." *Gornick*, 340 Or at 166 (brackets and citations omitted). The claimed error in this case meets that requirement, because, whether a statute obliges a court to make such a finding is a legal question, and, thus, the failure to fulfill that obligation would be an error of law. *See Hickam and Hickam*, 223 Or App 302, 305, 196 P3d 63 (2008) (stating that it was a "legal requirement"

---

[2] In his brief, defendant frames the first "Question Presented" as follows: "Are factual findings regarding whether a criminal defendant was delivered to the physical custody of the Department of Corrections (DOC) required before a sentencing court may conclude that it lacks authority to vacate a previously entered judgment?"

for the trial court to make certain findings under ORS 107.105(1)(b) and describing the court's failure to make those required findings as an "error of law"). The third requirement is that the claimed error "appears on the face of the record, *i.e.*, the reviewing court * * * need not go outside the record to identify the error or choose between competing inferences, and the facts constituting the error are irrefutable." *Gornick*, 340 Or at 166 (brackets and citations omitted). The claimed error in this case also meets that requirement because, in the words of defendant, "the lack of record regarding whether the judgment had been executed"—appears on the face of the record. In other words, we need not go outside the record or choose between competing inferences to determine that the court made no finding, on the record, as to whether defendant had been delivered to the custody of DOC by the time that the court attempted to vacate its judgment, and the fact constituting the claimed error—the lack of such a record—is irrefutable. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (rejecting the state's argument that the claimed error did not appear on the face of the record where the record was "silent as to defendant's ability to pay the attorney fees ordered" and concluding, in part, that it was "apparent from the record" that the court "failed to comply with the statutory requirement that, before imposing attorney fees, it find that defendant 'is or may be able to' pay the fees").

The remaining question is whether the claimed error meets the second requirement for plain error review—that is, whether "the claimed error is obvious, not reasonably in dispute[.]" *Gornick*, 340 Or at 166 (brackets and citations omitted). The text of a statute controls whether a court is required to make factual findings. For example, in determining the disposition in a juvenile delinquency case, a court is guided by ORS 419C.411, which provides that a court "shall consider" certain enumerated factors and "may consider" other factors. When construing that statute, we have concluded that a court is not required "to make detailed findings on the record to support its dispositional determination." *See State ex rel Juv. Dept. v. Rial*, 181 Or App 249, 256-57, 46 P3d 217 (2002) (stating that ORS 419C.411 did not "expressly require the court to make detailed findings

on the record to support its dispositional determination" and declining to construe the statute to impose such a requirement).

As noted, defendant advances his appellate argument under ORS 137.010(6), which provides that "[t]he power of the judge of any court to suspend execution of any part of a sentence or to sentence any person convicted of a crime to probation shall continue until the person is delivered to the custody of the Department of Corrections." As we have discussed, by assigning error to "the lack of record regarding whether the judgment had been executed[,]" defendant now contends that the court was required to make a factual finding, on the record, as to whether defendant had been delivered to the custody of DOC by the time that the court attempted to vacate its judgment. But the statute does not expressly require a court to make a specific finding, on the record, as to whether a judgment has been executed. Indeed, the statute does not require a court to make any findings. Thus, it is not obvious that the court erred as defendant claims, and the claimed error does not meet the second requirement for plain error review.

In sum, because the claimed error is not obvious in this case, it does not satisfy all three requirements of the first step of plain error review, and we may not review it. Accordingly, we affirm.

Affirmed.