Argued and submitted July 6, affirmed August 9, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HAYLEE ELIZABETH HUMPHREY,
*Defendant-Appellant.*

Deschutes County Circuit Court
19CR54265; A175765

535 P3d 804

Defendant was convicted of second-degree criminal trespass, ORS 164.245, and sentenced to bench probation. The court advised defendant that sentencing would be held open for 90 days for the state to seek restitution. The court attempted to hold the restitution hearing many times, but neither the court nor defense counsel could reach defendant, as defendant had apparently moved and changed phone numbers without notifying the court or counsel. The court eventually decided to proceed with the hearing, with defense counsel present, and ordered defendant to pay $820.83 in restitution. On appeal, defendant contends that the court violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution by holding the restitution hearing without her personally present. *Held*: Defendant did not preserve her claim of federal constitutional error, so appellate review was limited to plain-error review. The Court of Appeals did not find that the requirements for plain-error review were met and, in any event, would not exercise its discretion given the totality of the circumstances.

Affirmed.

Beth M. Bagley, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Emily Snook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Defendant pleaded guilty and was convicted of second-degree criminal trespass, ORS 164.245, a Class C misdemeanor. She was sentenced to 12 months of bench probation and notified that sentencing would be left open for 90 days for the state to seek restitution. Thereafter, the court attempted to hold the restitution hearing many times, but neither the court nor defense counsel could reach defendant (despite repeated attempts), as she had apparently moved and changed her phone numbers without notifying the court or counsel. The court eventually decided to proceed with the hearing and ordered defendant to pay $820.83 in restitution. In her sole assignment of error on appeal, defendant contends that the court violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution by holding the restitution hearing without her personally present. For the following reasons, we affirm.

As an initial matter, we agree with the state that defendant's claim of error is unpreserved. The restitution hearing in this case was reset six times—twice for administrative reasons and four times due to defendant not being present. The first time that defendant did not appear was on July 30, 2020. When the court suggested that they might be able to proceed, both the prosecutor and defense counsel took the position that the facts were insufficient to establish waiver under existing case law. The court pressed counsel as to what legal authority they were relying on and, ultimately, ordered written briefing for the express purpose of identifying the relevant legal authority. In August 2020, the state filed a written memorandum citing two Oregon cases regarding a defendant's right to be present at a restitution hearing under ORS 136.040(1) and the standard for waiver under ORS 136.040(1).[1] Defense counsel filed a written memorandum citing the same two cases regarding ORS 136.040(1).

---

[1] ORS 136.040(1) provides that a trial on a misdemeanor charge "may be had in the absence of the defendant if the defendant appears by counsel[.]" However, under long-established case law, the court "must determine that the defendant voluntarily waived the right to be present" to do so. *State v. Turner*, 99 Or App 176, 178, 781 P2d 404 (1989).

The court attempted to hold restitution hearings on August 24, 2020; October 27, 2020; and December 15, 2020. Each time, defendant did not appear, the prosecutor and defense counsel agreed that the facts were insufficient to establish waiver for purposes of ORS 136.040(1), and the court decided to reset the hearing. Each time, however, the state also raised the issue of the victim's right to prompt restitution under Article I, section 42, of the Oregon Constitution, with increasing emphasis. The state first raised that issue in a footnote in its August 2020 memorandum.[2] At the hearing on August 24, 2020, the state suggested that "at a certain point in time, our victim's Article 1, section 42, right may trump or at least be equally viable with the kind of statutory analysis of the defendant's right to be present." At the hearing on October 27, 2020, the state argued that Article I, section 42, provided "an alternative mechanism by which the Court could theoretically choose to go forward today." At the hearing on December 15, 2020, the state expressly asked the court to consider going forward with the hearing and to "consider issuing a judgment under Article I, Section 42, basically trumping the case law with the victim's constitutional right." The court decided to reset the hearing one more time but suggested that it might proceed the next time.

On March 16, 2021, defendant again did not appear. The court announced that it intended to proceed, citing both defendant's failure to maintain contact with her attorney or keep the court apprised of her current address and the victim's constitutional right to restitution. Defense counsel noted his objection for the record, stating that it was set forth in his August 2020 written memorandum. Before putting on evidence, the state requested that the court limit its ruling to proceeding based on the victim's constitutional

---

[2] In the footnote in its August 2020 memorandum, the state stated,

"As noted at the beginning of this Memo, however, one consideration for the State in believing it could not/should not proceed is the fact that the 7/30 hearing was the first time an actual court hearing occurred on this restitution issue. Had this been, say, the fifth time a hearing had been set, the Court had called the case, and defendant was not present, Counsel concedes that alternative considerations may come into play, such as a victim's Article I, Section 42 right to 'prompt' restitution. The exact parameters of that balance seems to be an open question * * *."

right, because the state continued to believe that the facts were insufficient to establish waiver for purposes of ORS 136.040(1), as set forth in its August 2020 memorandum. The state asked the court not to proceed on "the ORS track," which the state did not believe was legally sound, and instead "purely under the Article I, Section 42 track." The court agreed to do so. Defendant stated, "If I could, again, just note my objection to proceeding on that track as well. I don't believe the—her right to appear would be trumped by that provision." The court then proceeded to hold the restitution hearing. The state requested $2,100 in restitution. After hearing the evidence and an argument from defense counsel, the court ordered defendant to pay $820.83 in restitution.

On appeal, defendant argues that proceeding with the restitution hearing without her personally present violated her rights under the Sixth and Fourteenth Amendments to the United States Constitution. That is her only argument, as she no longer makes any argument under ORS 136.040(1). The state argues, and we agree, that no claim of federal constitutional error was preserved. As described, the only legal impediment to proceeding with the restitution hearing that either party ever raised to the court was defendant's statutory right to be present under ORS 136.040(1). Defendant never invoked the Sixth Amendment (or any part of the federal constitution), directly or through common shorthand, or cited any case law or other authority regarding the Sixth Amendment (or any part of the federal constitution). There was ample opportunity to do so, including in written briefing and during four hearings at which the state invoked the victim's right to prompt restitution under Article I, section 42.[3]

There is a material difference between asserting a state statutory right and asserting a federal constitutional right, at least in this context, where the state was urging

_____

[3] At oral argument, defendant suggested that defense counsel preserved the federal constitutional issue by stating at the hearing on March 16, 2021, "If I could, again, just note my objection to proceeding on that track as well. I don't believe the—her right to appear would be trumped by that provision." That statement cannot plausibly be construed as raising a new federal constitutional issue, and it is apparent that no one at the hearing so construed it.

the sentencing court to proceed on the basis that the victim's state constitutional right to prompt restitution trumped the defendant's state statutory right to be present. When two people have competing legal rights, and a court must decide which right prevails and which must give way, the nature of the right asserted by each person is critical to the analysis. The purposes of preservation were not served here, because the state never had an opportunity to respond to any federal constitutional issue, nor did the trial court ever consider or rule on any federal constitutional issue. *See Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) (discussing the purposes of the preservation rules, which are "pragmatic as well as prudential," and describing "procedural fairness to the parties and to the trial court" as the ultimate "touchstone" for preservation).

Our review is therefore limited to plain error. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). Here, the state contends that we should not even consider plain-error review, because defendant did not request it until her reply brief. We need not resolve that procedural dispute because, in any event, the alleged error has not been established as "plain," or, even if it is plain, we would not exercise our discretion to correct it in these circumstances.

One of the requirements for plain-error review is that the legal point be obvious and not reasonably in dispute. *Vanornum*, 354 Or at 629. It is defendant who must demonstrate that that requirement is met. Here, the authority cited by defendant on appeal does not make it "obvious" that, in these circumstances, the court could not proceed without violating defendant's federal constitutional rights. Of particular note, defendant does not cite a single case in

a comparable posture or address federal case law regarding waiver in this context.

Ultimately, however, even if we were to allow defendant's late request for plain-error review, and even if we were to conclude that the trial court committed a plain error, we would not exercise our discretion in these circumstances. Defendant may not have been under court order to keep her attorney and the court apprised of her contact information, but she was on bench probation, and she was expressly notified at the sentencing hearing in November 2019 that sentencing would be left open for 90 days for the state to seek restitution. She nonetheless quickly became unreachable and remained unreachable through March 2021. At that point, the court proceeded with the restitution hearing, with defense counsel present, and awarded a significantly lesser amount of restitution ($820.83) than the state requested ($2,100). Under the circumstances, we are unpersuaded that the error is so grave that it would merit the exercise of our discretion to correct an unpreserved error.

Affirmed.