802 December 28, 2023 No. 688

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WESLEY FANT,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR65390; A178896

Steffan Alexander, Judge.

Submitted November 13, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hadlock, Judge pro tempore.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant was convicted of unlawful possession of a firearm, ORS 166.250(1). On appeal, in three assignments of error, he contends that the trial court plainly erred by failing to intervene *sua sponte*, despite the lack of an objection by defense counsel, when the prosecutor made statements during rebuttal closing that, in defendant's view, "denigrated defense counsel and contained the prosecutor's personal opinions," thus denying defendant a fair trial.[1] Specifically, in response to defense counsel's argument in closing that the issue before the jury was "nuanced" and involved "a confusing law that invites hairsplitting," the prosecutor described the evidence, stated that it was the "[d]efense's job to confuse things and complicate things, and he's right, I am gonna tell you that this is a fairly straightforward case, in my opinion," then asked the jury to "follow the law and the instructions by the judge and find the defendant guilty."

Under *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022), a trial court is obligated to intervene *sua sponte* during a prosecutor's closing argument and declare a mistrial, notwithstanding the lack of any objection by the defendant, only when it is "beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." 370 Or at 312 (internal quotation marks omitted). Further, "a defendant asserting plain error must demonstrate that the prosecutor's comments were so prejudicial that an instruction to disregard them would not have been sufficiently curative to assure the court, in its consideration of all the circumstances, that the defendant received a fair trial." *Id*. "In other words, prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *State v. Durant*, 327

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Or App 363, 365, 535 P3d 808 (2023) (emphasis in original). That is important because, "[g]enerally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct." *State v. Davis*, 345 Or 551, 583, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009).

Here, we are unpersuaded that the court plainly erred in failing to intervene *sua sponte* to declare a mistrial.[2] With regard to the statement that it was the defense's "job to confuse things and complicate things," the prosecutor's choice of words was inappropriate, but the point that he was trying to make was a fair one and a permissible argument—that neither the statute nor the case was as complicated as the defense had just argued—and, in context, it does not appear that the prosecutor intended to denigrate defense counsel. We are unpersuaded that the statement was uncurable, even if objectionable. As for the use of the words "in my opinion," the context suggests that the prosecutor was using colloquial language to convey the state's position that this was a fairly straightforward case, not literally expressing his own personal opinion.

Accordingly, we reject defendant's claim of plain error.

Affirmed.

---

[2] Defendant asserts in a footnote in his opening brief that the trial court plainly erred in failing to *either* give a curative instruction *or* declare a mistrial. However, under *Chitwood*, there is no plain error if a curative instruction would have adequately addressed the situation. We therefore limit our discussion to the mistrial issue.