122 June 5, 2024 No. 386

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KRISTOPHER JACOB FREDA,
*Defendant-Appellant.*

Washington County Circuit Court
21CR24980; A179873

Ricardo J. Menchaca, Judge.

Submitted on April 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Kristopher Freda filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of stalking, ORS 163.732 (2)(b) (Count 1); second-degree criminal trespass, ORS 164.245 (Count 2); witness tampering, ORS 162.285 (Count 3); and telephonic harassment, ORS 166.090 (Count 4). On appeal, defendant raises four assignments of error through counsel and six supplemental *pro se* assignments of error.[1]

We reject the first assignment of error, challenging the denial of defendant's motion for a judgment of acquittal on Count 1, because we agree with the state that the evidence was legally sufficient to go to the jury. We reject the second assignment of error, challenging a jury instruction for the first time on appeal, because even if it was plain error to give that instruction, the error was harmless, or we would not exercise our discretion to correct it in these circumstances. We reject the third assignment of error, asserting that the trial court should have *sua sponte* entered a judgment of acquittal on Count 3, because we agree with the state that it is not obvious and beyond reasonable dispute that the evidence was legally insufficient to go to the jury. As to the fourth assignment of error, defendant argues, the state concedes, and we agree, that the trial court erred by imposing 36 months of post-prison supervision on Count 1, which resulted in a combined total sentence in excess of the statutory maximum, and we exercise our discretion to correct that plain error.

Turning to the supplemental *pro se* assignments of error, we reject the first supplemental *pro se* assignment of error, asserting that the trial court should have *sua sponte* entered a judgment of acquittal on Count 4, because it is not obvious and beyond reasonable dispute that the evidence was legally insufficient to go to the jury. We reject

---

[1] Some of the claims of error raised on appeal were not preserved in the trial court. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to review for "plain" errors. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). We incorporate the plain-error standard when discussing unpreserved claims of error in the text.

the second supplemental *pro se* assignment of error, challenging the court's decision not to give certain jury instructions requested by defendant regarding threatening speech, because the court was not legally required to give those instructions. We reject the third supplemental *pro se* assignment of error, challenging the admission of the victim's testimony regarding prior bad acts by defendant when the victim was a child, because it was not error to admit that evidence. We reject the fourth supplemental *pro se* assignment of error, in which defendant asserts for the first time on appeal that the court should have intervened when the prosecutor "intentionally misled the jury by falsely labeling the defendant's text messages to [the victim] as threats," because the prosecutor's statements in rebuttal closing argument were permissible and not cause for intervention by the court. We reject the fifth supplemental *pro se* assignment of error, in which defendant claims that the trial court erred in ordering him not to possess firearms, because we agree with the state that the court did not enter such an order. We reject the sixth supplemental *pro se* assignment of error, challenging for the first time on appeal the trial court's calculation of defendant's criminal history score as an "A," because defendant has failed to identify any obvious error in the trial court's calculation.

Remanded for resentencing; otherwise affirmed.