532 October 16, 2024 No. 739

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES CAM JOHNSON, IV,
*Defendant-Appellant.*

Lane County Circuit Court
21CR57083; A180372

Debra K. Vogt, Judge.

Submitted September 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant, driving drunk, caused a multi-vehicle crash in which three people were killed and others were injured—one seriously. Defendant pleaded guilty to driving under the influence of intoxicants; three counts of second-degree manslaughter; third-degree assault; second-degree criminal mischief; and two counts of fourth-degree assault. The plea agreement spelled out the sentence that the state would seek and left restitution open. The trial court later entered an amended judgment imposing the full amount of restitution that the state requested. Defendant now appeals that judgment, seeking reversal on the basis that there is no evidence in the record to support the restitution award. The state argues that the error, if any, is unpreserved, was invited, and, in any event, does not constitute plain error. We affirm.

The relevant facts are few. After the court accepted defendant's guilty pleas, it asked the prosecutor about restitution. The prosecutor explained that defendant and the state had agreed on the following: The state would have 90 days to file its restitution motion, and defendant would have an extended time—60 days—to respond. The trial court, at the end of the change-of-plea and sentencing hearing, repeated back to the parties its understanding of their agreed restitution procedure:

> "I will give the state 90 days to submit a restitution amount. I will give your lawyer 60 days after that to look into that amount to see if she agrees. *If she does not agree with the amount, we can have a restitution hearing to figure out what you truly owe.* Whatever you owe will be payable at the direction of your post-prison supervisor, so once you are out you will figure out what is owed, and talk to your post-prison supervisor concerning what is ow[ed]."

(Emphasis added.) Thus, the trial court understood that, if defendant did not object within 60 days, that meant that he did not contest the restitution amount and no hearing would be necessary. Defendant said nothing in response to that understanding.[1]

---

[1] The judgment imposing the sentence similarly included a provision stating that the state had 90 days to file a restitution schedule and that defendant would

The prosecutor filed the restitution schedule within 90 days. Defendant did not file any response within the 60 days thereafter. After 115 days without a response, the trial court entered an amended judgment awarding the full amount of restitution that the state had requested. That is the judgment that defendant challenges on appeal, arguing that the award is not supported by evidence that the restitution recipients were victims who suffered economic losses due to defendant's criminal activities.

The state in turn argues that defendant, having made no objection below within the time agreed, cannot raise an objection on appeal to the lack of evidence in the record. The state argues that defendant invited the error, if any, and that it is not reviewable as plain error.

We are unpersuaded that defendant affirmatively invited the error, but we agree with the state that the error, if any, is not plain. To constitute plain error, the error must be one of law that is obvious, not reasonably in dispute, and the error must appear on the face of the record. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). Whether a claim of error is apparent on the face of the record is a question of law. *Id.* at 167. For that requirement to be met, among other things, the reviewing court cannot be forced to choose between competing inferences. *Id.* If one of the competing inferences is that the party seeking reversal chose not to object, then the record does "not clearly show that the trial court erred," which precludes plain error review. *Id.* at 169-70.

Here, we are faced with competing inferences. On one hand, it is possible that the trial court misunderstood the proposed restitution procedure that the state and defendant had agreed to, in which case it was error for the trial court to enter the restitution order without first scheduling a hearing for the state to present the restitution evidence. On the other hand, it is possible that the trial court correctly understood that, if defendant objected within 60 days of the state filing the restitution schedule, the court would

---

have 60 days from the date that the restitution schedule was filed to file any objections. Defendant did not raise any objection or seek to clarify that provision of the sentencing judgment.

schedule a restitution hearing to determine the amount of restitution—otherwise the court did not have to schedule a hearing because defendant did not object to the restitution. That latter inference is supported by defendant not having objected or clarified when the court stated its understanding; by defendant's approach to the pleas and sentencing, in which he expressed deep remorse and a desire to take responsibility for what he had done; and by the possibility that the restitution award might have an effect that would simplify the various civil suits that defendant faced.

Because we would have to choose between competing inferences to determine whether the trial court erred, defendant's claim of error is not plain.

Affirmed.