Argued and submitted June 1, affirmed July 14, petition for review denied December 9, 2021 (369 Or 69)

In the Matter of G. K. C.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

G. K. C.,
*Appellant.*

Lane County Circuit Court
12311J;
Petition Number 12311J01;
A172129

494 P3d 1038

Debra E. Velure, Judge.

Christa Obold Eshleman argued the cause and filed the briefs for appellant.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In 2012, youth was committed to the custody of the Oregon Youth Authority (OYA) for conduct constituting attempted first-degree sexual abuse if committed by an adult. In 2019, after a hearing, the juvenile court terminated youth's wardship and commitment to OYA and ordered youth to register as a sex offender pursuant to ORS 163A.025. At the hearing, no testimony was taken, and, with youth's agreement, the court relied on a packet of information provided by youth's parole officer in making its determinations. Youth appeals the order requiring him to register as a sex offender, contending that the court erred by not "making, maintaining, or transmitting a record of the evidence as required by ORS 419A.253." Youth also contends that he was prejudiced by the court's error because the record is inadequate for appellate review as a result.

It is undisputed that the court did not take judicial notice of the information in the packet or cause it to be entered as an exhibit and transmitted as part of the record for appeal as ORS 419A.253 provides.[1] However, we disagree with youth's contention that the error was prejudicial. Youth has not contended that he is unaware of the basis for the court's decision requiring him to report as a sex offender. Nor could he. As noted, youth expressly agreed with the state that the court could rely on the packet of information provided by youth's parole officer in making its determinations, and both parties and the court made reference to it during the hearing. Youth has also not contended that the information was legally insufficient to support the court's ruling—in other words, that there is no lawful basis for the court's order that he register as a sex offender. In light of those circumstances, youth has not demonstrated that he

---

[1] In the absence of a request by a party, ORS 419A.253(1) generally requires the juvenile court to identify on the record "any report, material or document" upon which the court intends to rely in making its ruling and, subject to objections, to either take judicial notice of any fact or law in that material or cause it to be marked and received as an exhibit. The court must make a list of any fact or law judicially noticed and include the contents of the list in the judgment or in an attached document. ORS 419A.253(2). The list, along with the material from which it was derived, and any exhibits received are part of the case record and must be transmitted to the appellate court as part of the record of the case on appeal. ORS 419A.253(3), (4).

was prejudiced by the court's failure to make the material it relied on part of the record of the case.[2] Accordingly, we affirm. *See* Or Const, Art VII (Amended), § 3 ("If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]"); ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party."); *see also State ex rel Juv. Dept. v. Millican*, 138 Or App 142, 147-48, 906 P2d 857 (1995), *rev den*, 323 Or 114 (1996) (applying harmless error analysis to juvenile court's failure to grant youth's motion to remove leg chains during delinquency proceeding).

Affirmed.

---

[2] We are not persuaded by youth's argument that, "[b]y enacting ORS 419A.253, the legislature made the policy decision that a juvenile court's failure to make and keep a record adequate for appellate review is harm *per se*."