488 October 16, 2024 No. 731

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. L. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M.,
*Appellant.*

Polk County Circuit Court
17JU10721, 19JU05957; A182860 (Control), A182862

In the Matter of A. P. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. M.,
*Appellant.*

Polk County Circuit Court
17JU10722, 19JU05958; A182861, A182863

Norman R. Hill, Judge.

Argued and submitted May 15, 2024.

Holly Telerant, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kistler, Senior Judge.*

_____
\* Egan, J., *vice* Jacquot, J.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

In these consolidated cases, father appeals the denial of his motions to dismiss dependency jurisdiction of his two youngest children. In his first 10 assignments of error, father contends that the evidence was legally insufficient to continue jurisdiction and seeks outright reversal of the judgments. In his eleventh and twelfth assignments of error, father argues that, at a minimum, we should reverse and remand because the juvenile court erroneously took judicial notice of testimony from a prior permanency hearing. The Department of Human Services (DHS) counters that there was sufficient evidence to deny the motions to dismiss. As to the judicial notice issue, DHS concedes that the trial court plainly erred under OEC 201(b) but argues that the error was harmless. We reverse and remand.

*Legal sufficiency of the evidence.* Having considered the parties' arguments and reviewed the record in its entirety, we conclude that the record evidence—including the findings in the juvenile court's November 2022 opinion letter admitted as Exhibit 18,[1] but excluding the judicially noticed testimony that is the subject of the eleventh and twelfth assignments of error—was legally sufficient to allow the denial of father's motions to dismiss. We therefore reject the first 10 assignments of error.

*Judicial notice.* Father acknowledges that he did not object to the juvenile court taking judicial notice of the testimony from a prior permanency hearing. He asks that we excuse preservation or, alternatively, review for plain error. We are unpersuaded to excuse the preservation requirement and therefore review for plain error.[2]

---

[1] For present purposes, we assume without deciding that the stipulated admission of the November 2022 opinion letter as an exhibit allowed the juvenile court to rely on its prior factual findings for their truth, essentially giving them preclusive effect. Nothing in this opinion precludes the parties from litigating any disputes regarding that issue on remand.

[2] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter

OEC 201(b) defines the universe of judicially notice-able facts. To be judicially noticeable, a fact "must be one not subject to reasonable dispute in that it is either *** [g]ener-ally known within the territorial jurisdiction of the trial court; or *** [c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." OEC 201(b)(1), (2). As to court records in par-ticular, we have noted that "'[a] distinction must be drawn between noticing the existence of court records or informa-tion in court records and noticing the truth of that informa-tion. The fact that certain records or entries exist or certain statements were made may be indisputable. However, the truth of those statements may be disputable, and hence will not be subject to judicial notice.'" *Petersen v. Crook County*, 172 Or App 44, 51, 17 P3d 563 (2001) (quoting Laird C. Kirkpatrick, *Oregon Evidence* 47 (3d ed 1996)).

Here the juvenile court stated that it was taking "judicial notice of the testimony in the previous permanency hearing." We understand that to mean that it took judicial notice of all of the testimony from the August 2022 per-manency hearing—which the same judge presided over—and relied on the "facts" from that testimony in ruling on father's motions to dismiss. Father argues that was plain error. DHS agrees, conceding that trial testimony "is not a fact whose 'accuracy cannot reasonably be questioned' under OEC 201(b)." We agree with the parties that the juvenile court plainly erred in taking judicial notice of the August 2022 testimony.

The next question is harmlessness. An error is harmless if there is "little likelihood" that it affected the outcome. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). DHS argues that erroneously taking judicial notice of the August 2022 testimony was harmless because it is reason-able to assume that all of the testimony is reflected in the factual findings in the court's permanency opinion that was admitted into evidence.

We conclude that the error was not harmless. The juvenile court described itself as relying on the testimony

of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

from the permanency hearing, not only the findings from its permanency opinion, and we decline to assume that the testimony goes no farther than the findings. As for our inability to assess whether they are coextensive—because the August 2022 testimony is not part of the appellate record—DHS implicitly faults father for not making an adequate record for appellate review. We are unpersuaded by that approach. The juvenile court was required under ORS 419A.253 to make a proper record of the judicially noticed facts. *See* ORS 419A.253 (stating procedural requirements that "the court shall" follow before taking judicial notice and, if judicial notice is taken, when entering the order or judgment); *Dept. of Human Services v. G. K. C.*, 313 Or App 380, 381 n 1, 494 P3d 1038, *rev den*, 369 Or 69 (2021) (summarizing the requirements of ORS 419A.253).[3] The court failed to do so, taking notice of "the testimony in the previous permanency hearing" as a whole, rather than identifying "facts" and making the record required by ORS 419A.253. Given our disposition, we need not reach father's alternative claim of error regarding the court's noncompliance with ORS 419A.253(2) as a basis for reversal in its own right, but we do consider the parties' arguments on that issue as relevant to whether father should be faulted for the state of the record. We conclude that he should not.

Having concluded that the error was not harmless, we exercise our discretion to correct it, given its gravity and the ends of justice. Father filed his motions to dismiss while the permanency plan was reunification, so it is DHS's burden to prove that the children continue to face "a current threat of serious loss or injury" that "is reasonably likely to be realized." *Dept. of Human Services v. T. L.*, 279 Or App 673, 676-77, 379 P3d 741 (2016). DHS is bound by the rules

---

[3] DHS questions whether ORS 419A.253—which applies when a court intends to rely upon and takes judicial notice of "information in any report, material or document"—applies to taking judicial notice of testimony from a prior proceeding, if the court is relying on the judge's own memory rather than a written transcript. In the limited circumstances, if any, in which it might be appropriate to take judicial notice of something that occurred in another hearing, it would have to be a fact that is "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," OEC 201(b), which, at a minimum, would require a transcript. We reject the notion that a court avoids the requirements of ORS 419A.253 by relying on memory instead of a transcript.

of evidence in seeking to do so. *Dept. of Human Services v. J. V. B.*, 262 Or App 745, 752, 327 P3d 564 (2014). By contrast, at a permanency hearing, "testimony, reports or other material relating to the ward's mental, physical and social history and prognosis may be received by the court without regard to their competency or relevancy under the rules of evidence." ORS 419B.325(2); ORS 419B.476(1) (providing for the receipt of "testimony and reports as provided in ORS 419B.325" at a permanency hearing). That difference makes it especially problematic to have taken judicial notice of the entirety of the testimony from a prior permanency hearing. Accordingly, we exercise our discretion to correct the error, and we reverse and remand for further proceedings.

Reversed and remanded.