762 May 29, 2025 No. 466

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. J. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

A. J. S.,
*Appellant.*

Jackson County Circuit Court
24CC02942; A184671

Laura A. Cromwell, Judge.

Submitted April 11, 2025.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Appellant appeals from a judgment committing him as a person with a mental illness to the custody of the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting him from purchasing or possessing firearms. Appellant raises five assignments of error, but we need only address one, which the state concedes. In his fourth assignment of error, appellant argues that the trial court plainly erred by taking judicial notice of testimony it heard in a separate proceeding that was dismissed. We accept the state's concession and reverse the trial court's judgment and order.

Appellant was on a hospital hold, and a hearing was held without appellant receiving a citation. Appellant moved to dismiss due to lack of notice. The court initially denied that motion, but later invited appellant to again move to dismiss the case. The court granted that motion. After a citation was issued, the court held a new hearing, which it made clear was not a continuation of the prior hearing. During that second hearing, the trial court took "judicial notice" of testimony from the prior hearing. We agree with appellant and the state that doing so was plain error. *State v. A. L. M.*, 335 Or App 488, 491, 559 P3d 437 (2024) (Quoting OEC 201(b) in explaining that, to be judicially noticeable, a fact "'must be one not subject to reasonable dispute in that it is either * * * [g]enerally known within the territorial jurisdiction of the trial court; or * * * [c]apable or accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" (alterations in original)).

As in *A. L. M.*, the error was not harmless because the trial court relied on the testimony that it judicially noticed. In addition, we exercise our discretion to correct the error considering its gravity and the ends of justice. Accordingly, we reverse the judgment of commitment and the firearm order.

Reversed.